*Read, J.
The present action is founded upon the following writing:
“ Due G-. Carpenter, on settlement of canal operations on section No. 10, Hocking Canal, $1,748, which we promise to pay him or order on final estimate of said section.
(Signed,) “ Weidler, Carpenter & Co.
H. C. Weidler.
“November 19,1838.”
Kauffman has sued upon this writing in his own name as a negotiable note.
To constitute a negotiable note, it must be payable at all events. The event must be one which must happen in due course of the laws of nature. The only exception to be found in the books is in England — where it has been held that a note payable, in the event of the government paying off the public ships, is negotiable. The paying off the government ships is there regarded as an event which must happen. The prosperity, glory, and pride of England consist in her navy; and they arc not willing to tolerate the idea that government will not discharge its duty in this respect. But this exception has justly been doubted as law. But admitting it to be a correct principle — that an event depending upon the government performing its duty is sufficiently certain — ■ it will not help this case.
The event upon which this note was made payable, was the happening of final estimate on the completion of section No. 10. This is an event which must transpire neither by the laws of nature, nor by the performance of its duty by the government; but upon the contingency of Weidler & Co. completing the job of said section No. 10. This paper, then, is not a negotiable note, but just what it purports to be — a memorandum of settlement between two members of a firm, finding an amount due one at that time, not binding upon the third, unless he assented, to be paid and adjusted according to the state of the account on final settlement of the partnership concerns, and completion of section No. 10, for which the ^partnership was formed, and on final estimate of what was due from the state.
This view disposes of the whole case.
*462 The court, therefore, erred in sustaining the demurrer to the special pleas. The declaration showing no cause of action, and a ■demurrer looking back to the first error, judgment should have been given for the defendant. Judgment reversed, and judgment for defendants.